FILED
2009 JUN 12 P 2:20
CLERK
U.S. BANKRUPTCY
COURT - PGH

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | | |
| LEONARD A. THORNBURG, JR. and SAUNDRA J. THORNBURG, | : : | Case No. 05-32120-TPA |
| *Debtors* | : | Chapter 13 |
| LEONARD A. THORNBURG and SAUNDRA J. THORNBURG, | : : | Related to Document No. 39 |
| *Movants* | : | |
| v. | : : | |
| AMERICAN EXPRESS, et al. | : | |
| *Respondents*. | : | |

## MEMORANDUM ORDER

Pending before the Court is the **_Motion for Discharge_** ("Motion"), including a proposed order, that was filed by the Debtors at Document No. 39. In light of ongoing concerns related to similar proposed orders being submitted with some motions of this type, the Court recently determined it appropriate to take action regarding the next such filing in order to call attention to a problem the Court has identified. By pure happenstance, the within *Motion* was the next one filed, so this case perhaps gets the dubious honor of being the first to have its proposed order questioned by the Court. However, in a larger sense, this Order is intended to provide guidance to be followed in filing future discharge motions in all Chapter 13 cases assigned to this Court.[1] Thus, before setting forth the actual language to be submitted in a similar, proposed order, the Court believes it expedient to provide some background information to explain its view of the issue at hand.

---

[1] This Order is meant to provide guidance only with respect to Chapter 13 cases assigned to the Undersigned and is not intended to apply to cases assigned to other judges of this Court.

1

Chapter 13 discharge orders are routinely entered upon motion by the debtor after satisfactory completion of the requirements of a confirmed plan. Some attorneys have submitted proposed discharge orders accompanying motions that attempt to set out the scope and effect of the discharge in some detail within the body of the order itself. For instance, the proposed order filed with the *Motion* in the present case goes into some detail in Paragraph 2 about the manner in which the discharge voids judgments against the Debtors and operates as an injunction against various actions. This is certainly an understandable and commendable effort taken in furtherance of counsel's desire to look out for the best interests of the Debtors/clients. In fact, at times this Court previously encouraged the submission of such orders. After careful consideration, however, the Court concludes that this practice should no longer be permitted to continue, at least not as a routine practice.

The starting point in the Court's analysis is *Rule 9009* of the Federal Rules of Bankruptcy Procedure which provides in relevant part:

> ...Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate. Forms may be combined and their contents rearranged to permit economies in their use. The Director of the Administrative Office of the United States Courts may issue additional forms for use under the Code. The forms shall be construed to be consistent with these rules and the Code.

*Fed.R.Bankr.P. 9009*. It is thus readily apparent that the Bankruptcy *Official Forms* are on a different footing than the forms accompanying the *Federal Rules of Civil Procedure*. While the latter are intended to be merely illustrative (*see Fed.R.Civ.P. 84*), the former are expected to be used, albeit with some room for alteration. Case law construing *Rule 9009* indicates that, while use of the

*Official Forms* is not "entirely and absolutely mandatory", it is certainly strongly preferred, such that substantive deviation from the *Official Forms* should be rare. *See, e.g., In re Rambo Imaging, L.L.P.*, 2007 WL 3376163 *10 (Bankr. W.D. Tex. 2007) (filings must substantially comply with and confirm to *Official Forms*); *In re Binion*, 2006 WL 2668464 *2 (Bankr. N.D. Ohio 2006) (requiring use of Administrative Office of U.S. Courts *Form B240* for reaffirmation agreements); *In re Peterson*, 2004 WL 1895201 *3 at n. 17 (Bankr. D. Ida. 2004) (use of Procedural Forms issued by AOUSC, while not strictly required, is highly encouraged).

*Official Form 18* comprises the recommended form for purposes of the discharge order to be used in a Chapter 7 case. The order itself consists of a simple two-line statement declaring that the debtor is granted a discharge under *11 U.S.C. §727*. At the bottom of the order is a notice referring the reader to the reverse side for information. Then, set forth separately on the back (or it could perhaps be on a second page) and not part of the order, *per se*, is material with the heading "Explanation of Bankruptcy Discharge in a Chapter 7 Case" followed by a general explanation of some of the key features of a Chapter 7 discharge. The material ends with a "warning" that the explanation provided is only a general summary, that there are exceptions, that the law is complicated, and that the debtor may want to consult an attorney to answer specific questions about the discharge. The Court assumes that this basic philosophy as to how a discharge order should be structured was arrived at only after reasoned consideration by the Judicial Conference and the Committee on Rules of Practice and Procedure.

Although the *Official Forms* themselves do not include a Chapter 13 discharge order, the Director's Procedural Forms prepared by the Administrative Office of the United States Courts

to supplement the *Official Forms* do include such a form. *See Form 18W* ("Discharge of Debtor After Completion of Chapter 13 Plan"). It is patterned very closely on *Official Form 18* with a brief, clean and direct order granting a discharge pursuant to *11 U.S.C. §1328(a)* and an accompanying general explanation of discharge in a Chapter 13 case. In fact, it is fair to say that *Form 18W* is merely *Official Form 18* reworked to substitute the corresponding Chapter 13 provisions for the Chapter 7 references. Given the close affinity of the two forms, the Court sees no reason why the use of *Form 18W* pursuant to *Rule 9009* should be viewed any differently than the use of *Official Form 18. See also Fed.R.Bankr.P. 4004(e)* ("An order of discharge shall conform to the appropriate Official Form").

The wisdom of using the *Official Forms* for discharge orders was nicely demonstrated in *In re Moncur,* 328 B.R. 183 (9th Cir. BAP 2005). In that case the bankruptcy court entered a Chapter 7 discharge order that deviated from *Official Form 18* by including an additional provision in the body of the order purporting to discharge certain judgments against the debtor, arguably in a way that was contrary to *11 U.S.C. §727*. The 9th Circuit Bankruptcy Appellate Panel found that a discharge order entered in a Chapter 7 case cannot change the statutory terms of the discharge. It contrasted the "nuanced terms of general rules subject to exceptions" as contained in the *Official Form* order with the problematic language in the order under review and gently chastised the bankruptcy court for creating an issue by deviating from the *Official Form*:

> This case illustrates the risks that can result from well-intended alterations and perhaps helps to prove the adage that no good deed goes unpunished.

328 B.R. at 192.

4

To sum up, given the, if not quite absolute mandate, at least strong preference for use of the *Official Forms* for discharge orders as well as the potential for abuse or mischief if routine deviation from them is permitted without a showing of cause, the Court will henceforth expect the use of an order substantially in compliance with *Form 18W* as the normal, proposed discharge order in completed Chapter 13 cases. If there is perceived to be a need for deviation from *Form 18W* in a particular case, the debtor may seek leave to do so by setting forth the specific reasons for such request within the discharge motion.

*AND NOW*, this 12th day of **June, 2009**, for the reasons stated above, it is **ORDERED, ADJUDGED, and DECREED** that the request to enter the proposed order accompanying the *Motion* is **DENIED**;

It is **FURTHER ORDERED** that the Court will **GRANT** Debtors' ***Motion for Discharge*** by separate, appropriate Order in compliance with *Form 18W*.

_____
Thomas P. Agresti
United States Bankruptcy Judge

Court Administrator to serve:
    Debtors
    Bryan P. Keenan, Esq.
    Ronda J. Winnecour, Esq., Chapter 13 Trustee